BRYAN W. DILLON (State Bar No. 203052)
bwd@singler-law.com
JASON D. MAYNARD (State Bar No. 253076)
jdm@singler-law.com
BRUCE J. NAPELL (State Bar No. 115116)
bjn@singler-law.com
SINGLER, NAPELL & DILLON, LLP
127 S. Main Street
Sebastopol, California 95472
Telephone: (707) 823-8719
Facsimile:  (707) 823-8737

Attorneys for Plaintiffs/Counterdefendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. CAZET, an individual, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>TOPPA EPPS, an individual, et al.<br><br>Defendants. | CASE NO: C 10-02460 JSW<br><br>**Stipulation and Joint Motion for an Order Modifying the Scheduling Order** |
| TOPPA EPPS, an individual, et al.<br><br>Counterclaimants,<br><br>vs.<br><br>ROBERT L. CAZET, an individual, et al.<br><br>Counterdefendants. | |

**STIPULATION AND JOINT MOTION FOR AN ORDER MODIFYING SCHEDULING ORDER**

On November 8, 2010, the Court ordered the parties to this action to conduct an Early Neutral Evaluation by February 28, 2011, to conclude fact discovery by March 1, 2011, to file certification that all written discovery had been supplemented by January 28, 2011, and to conclude expert discovery by April 7, 2011.

On January 28, 2011, on joint motion and stipulation by the parties, the Court modified the Scheduling Order and ordered that the parties complete a private mediation on or before February 28, 2011, that the deadline to complete fact discovery would be extended to April 1, 2011, that the parties serve supplemental responses to written discovery no later than 10 days after the close of fact discovery and file a certification that supplementation is complete, and that expert discovery be extended to May 7, 2011.

The mediation took place on February 15, 2011, but no settlement was reached. Additionally, the mediator continued to work with the parties for some time thereafter. In anticipation of the February mediation and with the expectation that a settlement might be reached, both parties deferred conducting expensive and time-consuming discovery. However, in the aftermath of the unsuccessful mediation, extensive discovery must now be completed. Plaintiffs and Defendants have indicated that as many as 6-7 depositions will need to be taken on each side. Both sides also anticipate serving further requests for production and/or moving to compel further responses and/or production of documents, things, and computer storage data.

For the foregoing reasons, good cause exists for modifying the November 8, 2010 Scheduling Order, as modified on January 28, 2001. Wherefore the parties, through their respective attorneys of record, agree and stipulate to the following:

1. The deadline to complete fact discovery shall be extended from April 1, 2011 to May 2, 2011;

2. No later than 10 days after the close of fact discovery, all parties shall serve any supplemental responses to written discovery, and lead counsel for each party shall file with the Court a certification that supplementation is complete;

All other deadlines in the Court's November 8, 2010 order - including the April 15, 2011 Case Management Conference, all dates relating to dispositive motions, and the trial date - shall remain unchanged.

Dated: March 10, 2011

SINGLER, NAPELL & DILLON, LLP

By: _____
Jason D. Maynard
Attorneys for Plaintiffs/Counterdefendants

Dated: March 11, 2011

STAINBROOK & STAINBROOK, LLP

By: _____
Craig M. Stainbrook
Attorneys for Defendants/Counterclaimants

**GOOD CAUSE APPEARING, IT IS SO ORDERED.**

Dated: March 11, 2011

_____
HON. JEFFREY S. WHITE, DISTRICT JUDGE