UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ROBERT L. CAZET, *et al.*, | No. C 10-02460 JSW (LB) |
| Plaintiffs, | **ORDER RE APRIL 29, 2011 DISCOVERY LETTER** |
| v. | |
| TOPPA EPPS, *et al.*, | [ECF Nos. 91 and 94] |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Robert L. Cazet, Alumni Athletics USA, LLC, and Alumni Athletics USA, Inc. sued Defendants Toppa Epps, Cameron Ripley, and Edward Hayman for using the name "Alumni Athletics" (or variations of it) after their business relationship with Mr. Cazet ended. *See* First Amended Complaint, ECF No. 25.[1]  The claims include false or misleading advertising under the Lanham Act (claim one), false or misleading advertising under California state law (claim two), misappropriation of trade secrets under state law (claim three), a section 17200 claim based on unlawful, unfair or fraudulent business practices (with claims one through three serving as the predicates under the "unlawful" prong of section 17200) (claim four), and common law unfair competition (claim five). *See id.*

The discovery dispute at issue (referred by the district court) is Defendants' motion to quash

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

C 10-02460 JSW (LB)
ORDER

Plaintiffs' subpoenas to Defendants' insurance carriers, who are providing defense costs (under a reservation of rights). *See* 4/20/11 Joint Letter, ECF Nos. 91 and 94 (parties omitted subpoenas from first letter and submitted them on April 29, 2011). Defendants already produced insurance documents (including the relevant policy applications) but Plaintiffs generally now want the following: (A) all insurance applications; (B) all documents (electronic and paper) regarding the insurance policy at issue (including predecessor and successor policies); (C) all information (electronic and paper) about any statements by Defendants about their years in business, their business experience, their prior claims history, business names used, and the number (and years) of prior events; (D) all communications (electronic and paper) with Defendants; and (E) all communications (electronic and paper) with Stainbrook and Stainbrook LLP. *See* ECF Nos. 94-1 at 4 and 94-2 at 4.

Defendants object that the information is irrelevant because *private* information given to insurance companies cannot be relevant to claims involving false advertising and unfair competition, which are about *public* acts by Defendants designed to mislead the consuming *public*. *See* ECF No. 94 at 1-2.[2] Plaintiffs counter that Defendants could not conduct their alumni sporting events without insurance, and they may have gotten insurance by lying about their business experience (for example, by saying they had been in operation for 20 years when they had only four or five games in 2009). *Id.* at 3-4. Plaintiffs argue that they should be able to pursue discovery about new wrongs, and in any event, the information is relevant 404(b) evidence about Defendants' intent to deceive, particularly given that similar statements are on Defendants' web sites. *Id.* at 4.[3]

The non-party insurance carriers also object to the subpoena on grounds that boil down to relevance, privilege, overbreadth, and burden. Also, Plaintiffs can get the insurance applications and policies from Defendants. *See* ECF Nos. 94-3 at 2-4, 94-5 at 2-4.

---

[2] Plaintiffs do not challenge Defendants' assertion that because they have a clear interest in the subject matter, Defendants have standing to challenge the third-party subpoenas. *See* ECF No. 94 at 1 (case citation omitted).

[3] Defendants do not challenge Plaintiffs' assertion that federal courts do not recognize an insured-insurer privilege. *See* ECF No. 94 at 2 (case citation and quotation omitted).

C 10-02460 JSW (LB)
ORDER                                    2

The bottom line here is that Defendants should have all documents about what policies are at issue here, and what information about their business experience they submitted to the insurance carriers. To the extent that allegedly fraudulent information about business experience was submitted, it is relevant to Defendants' intent to deceive, and Defendants must produce it, either from documents in their possession or by obtaining it from their carriers and thereafter producing it. Defendants do not appear to contest that they are obliged to produce the relevant insurance information, and indeed, the parties' joint letter shows that Defendants have produced "relevant insurance documents, including the relevant policy application." ECF No. 94 at 1.

To ensure that Defendants have produced this information, the court directs a further meet and confer by the parties. If there are further disputes about the extent of compliance, the parties may submit a follow-up letter, and the court will schedule a telephone conference to address the matter. Moreover, the parties apparently are trying to schedule a meet-and-confer with the insurance carrier, and this process will allow that conference.

Accordingly, the court grants Defendants' request to quash the subpoenas without prejudice to Plaintiffs' raising the issue again should Plaintiffs be unable to obtain the relevant policies, applications, and statements about business experience from the Defendants directly.

This disposes of ECF Nos. 91 and 94.

**IT IS SO ORDERED.**

Dated: May 6, 2011

_____
LAUREL BEELER
United States Magistrate Judge